Samuels, J.
It has been long and well settled by the courts of England, and" by the courts of Virginia, that an indictment for any offence must allege every fact entering into the legal definition of such offence. In cases of indictments for offences at common law, set forms and technical terms appropriate to each particular offence, have been sanctioned by long use and by adjudications of courts, as being sufficiently descriptive of the offence. In case of indictment under *675 the statutes, it is proper always, and sometimes indispensable to use the language of the statute creating or defining the particular offence. Questions sometimes occur in cases of either class, whether the offence alleged is sufficiently described by words equivalent to, or synonymous with those in which it is described by the law.
The prosecution in this case seems to be founded on the latter clause of § 18, ch. 38, p. 209 of the Code of Virginia, in these words: “And if any person sell, by retail, wine, ardent spirits, or a mixture thereof, to be drunk in or at the store, or other place of sale, he shall, unless he be licensed to keep an ordinary at such store or place, forfeit thirty dollars.” The demurrer filed by the plaintiff in error to the indictment presents the question, whether the offence is so described as to bring it within the law.
It is seen by inspection of this indictment, that it is not alleged therein, in what mode the sale was made. Yet by the statute, it is made an ingredient in the offence, that the sale be by retail. Without this constituent part, the offence is not complete. It was insisted by the attorney general, that inasmuch as the indictment alleges that the ardent spirits were sold to be drunk at the place of sale; and inasmuch as ardent spirits are necessarily drunk in such quantities as can be sold only by retail, the allegation is equivalent to an allegation of sale by retail. If we yielded to this argument, we should be going further than the courts have yet gone; at most, they have only held in some cases that a direct averment of fact was sufficient, because such fact was equivalent to the fact which is made part of the offence j they have never yet held that argument or inference may supply a total want of averment of any kind in regard to an essential part of an offence. See The Commonwealth v. Peas, 4 Leigh *676 692; S. C. 2 Gratt. 629, in the Appendix; 1 Arch. Cr. Pl. 85, and notes, Waterman’s edition.
I am of opinion to reverse the judgment, and sustain the demurrer to the indictment.
The other judges concurred in the opinion of Samuels, J.
Judgment reverse®»